<div align="center">

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

</div>

UNITED STATES OF AMERICA,

        Plaintiff,                    Case No. 25-20899
                                              Hon. Laurie J. Michelson

v.

DANIEL REYES GAMBOA,

        Defendant.

_____/

<div align="center">

**DEFENDANT'S OMNIBUS DEMAND FOR DISCOVERY**

</div>

**I.    DEMAND FOR DISCOVERY AND DISCLOSURE OF EXCULPATORY EVIDENCE**

NOW COMES the Defendant, DANIEL REYES GAMBOA, by and through his attorney LOREN DICKSTEIN, and demands the United States of America disclosure of all exculpatory information of whatever form, source, or nature, whether through an indication of potential innocence, through the impeachment of any prospective Government witness, or related to sentencing. This demand includes all known facts and information in whatever form, source, or nature that the Government attorneys or their assistants, Government law enforcement agencies, and state law enforcement agencies have or might acquire through the exercise of due diligence.

<div align="center">

**SPECIFIC REQUESTS**

</div>

According to the mandate of *United States v Agurs*, 427 U.S. 94 (1976), Defendant specifically requests exculpatory material and evidence. The term "statement" used in these requests includes all oral, written, or recorded statements. It includes but is not limited to, grand jury testimony, reports or memorandums of any state or federal law enforcement or prosecutorial agency, and reports or memorandums of any private person or organization. The request includes (1) statements and information within the care, custody, and control of the Government, (2) statements and information known to the Government, and (3) statements and information that may become known through the exercise of due diligence.

Defendant demands of the Government the following exculpatory information:

    A.    The prior criminal history of any witness the Government intends to call in its case-in-chief.

    B.    Any evidence of drug or alcohol ingestion or dependency by any witness the Government intends to call in its case-in-chief.

    C.    Any evidence of psychiatric hospitalization, psychiatric treatment or mental disease, or defect or disorder of any witness the Government intends to call in its case-in-chief.

    D.    A full and complete statement of all promises, considerations, rewards, or inducements made by the Government, its prosecutors, its agents, or its agencies to induce or encourage the cooperation of any witness who the Government might call in its case-in-chief. This request includes (i) criminal, tax, or civil immunity, (ii) assistance in any criminal, tax, civil, or

   administrative legal dispute with the Government or private parties, (iii) consideration regarding potential forfeiture of assets or potential tax assessments, liens, and levies, and (iv) all other considerations made by the Government to a witness which could generate or reveal a bias in favor of the Government.

E. Any evidence in the possession of the Government which would tend to prove a bias or motive by any witness the Government intends to call in its case-in-chief.

F. Any and all threats of prosecution or any statements regarding the magnitude of penal liability made to any witness that the Government intends to call in its case-in-chief, by an agent or employee of the Government or by any state law enforcement official, or by any prosecutorial agency working with the Government.

G. A full and complete statement of any crimes regarding which there has been no conviction but regarding which the Government has information of the witness' involvement, irrespective of whether or not these crimes are subject to any explicit promises, rewards, or inducements by the Government to the witness.

H. The name and address of every witness who was displayed photographs or the corporeal person of the defendant in an attempt to elicit identification testimony and who failed to positively identify the defendant, along with any reports, memoranda, or statements reflecting this identification attempt as well as any photographs or documents used in the display.

I. A complete list of all payments made to any witness whom the Government intends to call in its case-in-chief from any Government agency, regardless of whether or not these payments were rewards, fees, expense payments, or security payments.

J. Any evidence relevant to the impeachment a witness at the trial of the above-captioned matter, particularly, but not exclusively, inconsistent statements of a witness or between witnesses.

## II. REQUESTS AND NOTICES IN COMPLIANCE WITH STANDING ORDER FOR DISCOVERY AND INSPECTION AND FEDERAL RULE OF CRIMINAL PROCEDURE (FRCP) 16

Defendant hereby provides the Government with the following requests and notices:

    A.    Any relevant oral, written, or recorded statement made by Defendant (before or after the arrest) in response to questioning or interrogation by someone known to Defendant as a Government agent, if the Government intends to use this statement at trial, if this statement is within the Government's possession, custody, or control, and if the attorney for the Government knows – or through due diligence could know – that the statement exists. This includes any recorded testimony of the defendant before a grand jury relating to the charged offense;

    B.    A copy of Defendant's prior criminal record that is within the Government's possession, custody, or control if the attorney for the Government knows – or through due diligence could know – that the record exists;

    C.    Permission to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items if the item is within the Government's possession, custody, or control and the item is material to

preparing the defense; the Government intends to use the item in its case-in-chief at trial; or the item was obtained from or allegedly belongs to the defendant. This includes copies of all search warrants, search warrant applications, returns to search warrants, as well as copies of all Title III wiretap interception orders and applications and the fruits therefrom;

     D.    Permission to inspect and to copy or photograph the results or reports of any physical or mental examination and any scientific test or experiment if the item is within the Government's possession, custody, or control; the attorney for the Government knows – or through due diligence could know – that the item exists and the item is material to preparing the defense, or the Government intends to use the item in its case-in-chief at trial;

     E.    A written summary of any testimony the Government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial. If the Government requests discovery under subdivision (b)(1)(C)(ii) and the defendant complies, the Government must give Defendant a written summary of testimony that the Government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence as evidence at trial on the issue of the defendant's mental condition. The summary provided under this subparagraph must describe the witness's

opinions, the bases and reasons for those opinions, and the witness's qualifications;

  F. Any exculpatory evidence within the meaning of the "Standing Order," paragraph 1(b), and/or *Brady v. Maryland*, 373 U.S. (1963) and *United States v. Agurs*, 427 U.S. 97 (1976).

  G. Any statements by persons who have knowledge or information relative to this case that are not protected from disclosure by 18 U.S.C. § 3500;

  H. Any statement of witnesses within the meaning of 18 U.S.C. § 3500(e);

  I. Notice is hereby given pursuant to the "Standing Order," paragraph 5(b), that Defendant contests the foundation for all exhibits unless otherwise agreed to in writing;

  J. Notice is hereby given pursuant to the "Standing Order," paragraph 6, that Defendant contests the chain of custody for all exhibits unless otherwise agreed to in writing;

  K. All requests for information, materials, or evidence contained herein are continuing, and Defendant expects the prosecution to immediately provide any additional information, materials, and evidence as required by the "Standing Order," paragraph 3, and/or FRPC 16(c);

  L. Defendant requests that the Government provide all discovery as set forth in FRPC 16(a)(1)(A) through 16(a)(1)(F); and

  M. Notices contained herein will remain in effect unless expressly withdrawn (Federal Rule of Criminal Procedure 16(c)).

### III. NOTICE OF RESERVATION OF RIGHT TO OBJECT TO FOUNDATION FOR EXHIBITS, CHAIN OF CUSTODY AND SCIENTIFIC ANALYSIS

Defendant reserves the right to object to foundations for Government exhibits and any scientific analysis or summary testimony by experts to be offered by the Government at the trial of this case.

Respectfully Submitted:

LEWIS & DICKSTEIN, P.L.L.C.

By: /s/ Loren M. Dickstein, Esq.
Loren M. Dickstein (P53508)
Attorney for the Defendant
3000 Town Center, Ste. 1330
Southfield, MI 48075
(248) 263-6800
Ldickstein@notafraidtowin.com

Dated: December 17, 2025

### CERTIFICATE OF SERVICE

I hereby certify that on December 17, 2025, I electronically filed the foregoing pleading with the Clerk of the Court and all parties or their counsel of record through the CM/ECF System which will send notice to all parties of record or to their respective counsel.

/S/ Loren M. Dickstein, Esq.
Loren M. Dickstein (P53508)
LEWIS & DICKSTEIN, P.L.L.C.
Attorney for Defendant